## CASES ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

### ꞁ OCTOBER TERM, 1910.

---

JANE H. HINTON *v.* FIRST NATIONAL BANK OF LUMBERTON.

[53 South. 344.]

JUDGMENTS. *Suits upon. Pleading. Defenses.*

> The plea of *nil debet* to a declaration upon a judgment is demurrable; the only pleas to an action upon a judgment other than *nul tiel* record, are payment, discharge, release and the like, since the defendant can not relitigate the merits of the question of debt.

From the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

The First National Bank of Lumberton, appellee, was plaintiff in the court below; Mrs. Hinton, appellant, was defendant there. From a judgment in favor of plaintiff the defendant appealed to the supreme court.

The First National Bank of Lumberton, appellee, having recovered a judgment in a court of record of the state of Louisiana against Mrs. Hinton, appellant, subsequently brought this suit on the judgment against her. To the declaration, Mrs. Hinton, pleaded *nil debet*. The appellee bank demurred to the plea. The demurrer was

(120)

sustained, and, appellant declining to plead further, the judgment was made final.

*C. G. Mayson,* for appellant.

It has been universally held that the proper plea of the general issue to a suit on a judgment is *nul tiel* record. But that plea only puts in issue the existence of the judgment record. Other defenses must be set up by pleas. 1 Chitty Pl. and Prac. 517.

The case should have been submitted to the jury, since the plea of *nil debet* presented an issue. It was error to sustain the demurrer thereto. It follows that if the plea raised any issue at all the case should have gone to the jury. True it is that if it was not necessary to file a copy of the judgment, as a part of the declaration objection for a failure to do so could only be raised by a plea of *nul tiel* record; still if the plea filed could subserve any purpose the demurrer to it was properly sustained. We take it that the defendant could lawfully have pleaded payment or the statute of limitations; but upon plaintiff's theory of the case such pleas would have been demurrable. Without reference to whether the demurrer was or was not well taken it is insisted that the case should have been submitted to the jury. The Louisiana court's judgment sued on was a default judgment. The plaintiff should have been required to produce its judgment before the jury. Without reference to any pleadings on the part of defendant, a writ of inquiry was manifestly necessary to ascertain what, if anything was due. *Boykin* v. *State,* 50 Miss. 375; *York* v. *Crawford,* 42 Miss. 508; *Sanford* v. *Campbell,* 7 Smed. & M. 107.

*Mounger & Mounger,* for appellee.

The court below did not err in sustaining the demurrer to the plea of *nil debet.* The declaration set forth in concise and specific language the existence of a judg-

ment rendered in favor of the appellee against the appellant in the supreme court of the state of Louisiana, in which state the suit was instituted, with regard to the subject matter and person, showing also the joinder of issue, the trial and determination of the matter; and further showing the rendition of a judgment, and all other matters connected with the suit, thus informing appellee of every material fact connected with the suit. And the declaration further stated that a copy of said judgment, and an itemized statement of the costs as adjudged, would be filed with the declaration as exhibits and clearly made the judgment the basis of the suit. The appellant pleaded *nil debet*, and before the first day of the term of the court to which the cause was returnable, appellee filed in this suit a copy of the judgment and an itemized statement of the costs of the Louisiana court. The appellee demurred to the appellant's plea on the assumption that the plea should have been "*nul tiel* record.'' The court sustained the demurrer to this plea and the appellant declined to plead further, whereupon the appellee took judgment for the want of a plea.

When pleading a matter intended to question the existence or validity of the judgment, the plea must be "*nul tiel* record,'' and there is no plea of the general issue then admissible. We submit that the pleader in avoidance thereof, either a release, a discharge of payment or probably other like matters of defense, but it is not permissible to put in a plea of the general issue and leave the plaintiff in the dark as to whether the defendant intends to say on the trial that there is no such record, or simply that he does not owe, having since been discharged or having paid the debt. 1 Chitty's Plead. 517; *Davis* v. *Lane,* 2 Ind. 548; *McElmoyle* v. *Cohn,* 13 Peters 312.

We have examined the case of *Boykin* v. *State,* 50 Miss. 375, and we think the authorities there cited have no application whatever to the case under consideration.

The judgment upon which suit is brought in the instant case is different in every material fact from the *Boykin case, supra,* or any authority cited in support thereof.

WHITFIELD, C.

To an action in debt on a judgment regularly obtained, the defendant pleaded *nil debet.* The plaintiff demurred to this plea, and its demurrer was sustained, and judgment followed for the plaintiff, and defendant appeals. If the defendant desired to plead payment, discharge, or release, or other like matter, it should have so specially pleaded. The plea of *nil debet* was simply an effort to relitigate the merits of the question of debt or no debt, and the demurrer was properly sustained.                                        *Affirmed.*

PER CURIAM. For the reasons indicated in the above opinion, that opinion is adopted as the opinion of the court, and the judgment is affirmed.